IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHERRELL C. TOWNS, B25013 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-375-GPM |
| | ) | |
| | ) | |
| ANTHONY RAMOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court are Plaintiff's motions for Extension of Time to File Discovery (Doc. 28), to Compel Discovery (Doc. 35), for Enlargement of Time to File Dispositive Motions (Doc. 38), and for Appointment of Counsel (Doc. 29).

### MOTION FOR EXTENSION OF TIME TO FILE DISCOVERY (DOC. 28)

On June 29, 2007, the Court entered a scheduling order in this action setting the close of discovery for November 29, 2007, and the deadline for filing dispositive motions for December 14, 2007. On September 25, 2007, the Plaintiff filed this motion seeking additional time for discovery. In the motion, Plaintiff describes a number of obstacles preventing him from researching and preparing his case, including, difficulty accessing the correct resources from the law library, institutional lock down, and an ongoing conspiracy by the defendants and other prison officials to deny his access to courts. Because of these difficulties, Plaintiff asks for an unspecified amount of time to complete discovery in the action.

The standard for amending a scheduling order is governed by Rule 16(b)(4), which states "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard focuses on the diligence of the party seeking to amend the

schedule.  See Trustmark Ins. Co. v. Cologne Life Re of America, 424 F.3d 542, 553 (7th Cir. 2005).

The Court finds that Plaintiff has shown good cause for his inability to successfully conduct discovery.  Thus, the Plaintiff's Motion for an Extension of Time to File Discovery (Doc. 29) is **GRANTED**.  The Court notes, however, that this motion was filed in September 2007, that therefore, Plaintiff has had eight months since the filing of the motion to obtain the materials necessary to prepare his case.  Accordingly, the Court amends the scheduling order, setting the close of discovery for **June 2, 2008**.

## MOTION TO COMPEL DISCOVERY (DOC. 35)

In this motion, Plaintiff seeks the Court to order Defendants to respond to his interrogatories and requests for production, stating that due to his inability to access the law library, he had difficulty preparing the interrogatories and requests for production.  In response, Defendants ask that the motion to compel be denied because Plaintiff's requests were not timely under the Court's scheduling order (Doc. 36).

The Court, above, granted Plaintiff's request for additional time to complete discovery. Thus, Defendants' objections to the Motion to Compel are no longer relevant.  Accordingly, the Plaintiff's Motion to Compel (Doc. 35) is **GRANTED**.  Defendants shall respond to Plaintiff's interrogatories and requests for production by **June 2, 2008**.

## MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS (DOC. 38)

Plaintiff seeks an extension of time to file dispositive motions in the action, citing the reasons outlined above: inability to access the law library and materials located therein.  The Court has already extended the deadline for completion of discovery.

Thus, the Court will extend the deadline for responding to and filing dispositive motions. The Motion for Extension of Time to File Dispositive Motions (Doc. 38) is **GRANTED**. Plaintiff shall respond to or file dispositive motions on or before **June 13, 2008**. Defendants shall respond on or before **June 27, 2008**.

Finally, the Court informs the parties that because United States District Judge G. Patrick Murphy has set the matter for telephonic hearing on dispositive motions for July 14, 2008, ***no further extensions of time for discovery or dispositive motions will be granted.***

## MOTION FOR APPOINTMENT OF COUNSEL (DOC. 29)

Plaintiff seeks appointment of counsel. He argues that there exists a conspiracy involving the CIA and Illinois Department of Corrections officials and employees to prevent Plaintiff from obtaining the materials necessary to prepare his case. He specifically charges that the Menard Correctional Center law librarian has continually denied him call passes, copies from law books, and access to other legal materials. Thus, Plaintiff contends, he needs counsel to counterbalance the forces at play against him and to ensure that he is able to access the legal materials necessary to prosecute this action.

Section 1915(e)(1) of 28 U.S.C. provides that the Court "may request an attorney to represent any person unable to afford counsel." However, there is no constitutional or statutory right to counsel for a civil litigant. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577

F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. §

1915(e)(1).  The Court may only request counsel to represent an indigent if the likelihood of

success is more than just doubtful.  Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

      The threshold burden the litigant must meet is to make a reasonable attempt to secure

private counsel.  Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288.  After

meeting the threshold burden, there are five factors that a district court should consider in ruling

on a request to appoint counsel.  Those factors are: (1) whether the merits of the claim are

colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the

evidence indicates that the truth will more likely be exposed where both sides are represented by

counsel; (4) capability of the indigent person to present the case; and (5) the complexity of  the

legal issues raised by the complaint.  See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993);

Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th

Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

      Despite the Court's earlier recommendation (see Doc. 13), Plaintiff has made no showing

of an attempt to secure private counsel on his own, without court intervention.  Thus, he has not

met the threshold burden required of him before the Court will consider appointing counsel in

this matter.  Even if he had, the legal issues in the case are not complex.  All of Plaintiff's claims

surround an alleged incident of the use of excessive force by prison guards.  He lays out the

claims clearly and coherently in his complaint.  In addition, Plaintiff has successfully filed

lengthy, detailed motions that evidence he is aware of and attempting to comply with procedural

deadlines.  Plaintiff has thus far shown himself to be capable of presenting his case.  Therefore,

the Court finds that appointment of counsel is not warranted at this time.  Accordingly,

Plaintiff's motion for appointment of counsel (Doc. 29) is **DENIED**.

CONCLUSION

As noted above, Plaintiff's motions for Extension of Time to File Discovery (Doc. 28), to

Compel Discovery (Doc. 35), and for Enlargement of Time to File Dispositive Motions (Doc.

38) are **GRANTED**.  Plaintiff's Motion for Appointment of Counsel (Doc. 29)  is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 16, 2008**

s/*Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**