**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SHERRELL C. TOWNS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-375-GPM** |
| | ) | |
| **ANTHONY RAMOS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff has appealed this Court's final judgment dismissing his case with prejudice (*see* Docs. 61, 63). He has also filed a "motion for transmission of the district court's record and transcript." (Doc. 62).

The Court notes that the Clerk of Court will forward the record when requested to do so by the Court of Appeals. On the issue of transcripts, the relevant statute, 28 U.S.C. § 753(f), provides, in pertinent part, that "[f]ees for transcripts furnished in [non-criminal, non-habeas corpus, and non-section 2255] proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Thus, a court must determine that the appeal presents a "substantial question" before allowing a transcript to be provided at no charge. *Handley v. Union Carbide Corp.*, 622 F. Supp. 1065, 1067 (S.D. W.Va. 1985). A "substantial question" within the meaning of 28 U.S.C. § 753(f) is one that is "reasonably debatable." *Ortiz v. Greyhound Corp.*, 192 F. Supp. 903, 905 (D. Md. 1959).

Plaintiff has met this standard. Although the Court sees no error in its decision, the transcript contains the reasoning for the dismissal of Plaintiff's claims. Plaintiff's points are reasonably debatable, and the Court finds that the appeal is not frivolous. Accordingly, the motion (Doc. 62) is **GRANTED**; the Official Court Reporter shall prepare the transcript of the July 14, 2008, hearing in this case at the expense of the United States.

**IT IS SO ORDERED.**

DATED: 08/22/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge