IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRELL C. TOWNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-375-GPM |
| ) | |
| LIEUTENANT HOLTON, STEPHEN ) | |
| BAKER, M. EUBANKS, SCOTT ) | |
| DAGNER, JERRY WITTHOFT, ) | |
| CHRISTOPHER CASTEN, and ) | |
| UNKNOWN PARTY GRIEVANCE ) | |
| OFFICERS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on remand from the Seventh Circuit Court of Appeals. The Court of Appeals concluded that Defendants had not met their burden of showing that Plaintiff had failed to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff's request for appointment of counsel on appeal was denied as unnecessary (Doc. 85). The Court now, *sua sponte*, exercises its discretion to appoint counsel *pro bono publico*.

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The Court may ask, but not compel, private counsel to accept the representation. *Pruitt*, 503 F.3d at 653 (citing *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989)).

In exercising its discretion, the Court considers three questions: (1) has the indigent plaintiff made reasonable efforts to retain private counsel or been effectively precluded from making such efforts, *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992); (2) considering the difficulty of the case, does the plaintiff appear competent to try the case himself, *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)); and (3) if the plaintiff does not appear to be competent, would the presence of counsel make a difference in the outcome? *Farmer*, 990 F.2d at 322. Regarding the plaintiff's competence, "the question is whether the difficulty of the case — factually and legally — exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655. The judge may consider the plaintiff's literacy, communication skills, educational level, litigation experience, and even intellectual capacity and psychological history. *Id*.

Here, this Court's primary concern is the increased complexity of Plaintiff's case after appeal. Appointment of counsel will assist Plaintiff — and the Court — with these proceedings. As such, pursuant to 28 U.S.C. § 1915(e)(1) and Local Rule 83.1(i), the Court **APPOINTS** attorney W. Mark Sickles, McKenna Storer, 33 N. La Salle Street, Suite 1400, Chicago, Illinois 60602, to represent Plaintiff in this case only. Mr. Sickles is **directed** to file his entry of appearance **on or before January 6, 2010**. The Clerk of Court is **directed** to send Mr. Sickles a copy of this Order immediately.

    **IT IS SO ORDERED.**

    DATED: 12/28/2009

                                      s/ *G. Patrick Murphy*
                                      G. PATRICK MURPHY
                                      United States District Judge