IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHERRELL C. TOWNS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 05-375-GPM |
| ) | |
| LIEUTENANT HOLTON, STEPHEN ) | |
| BAKER, M. EUBANKS, SCOTT ) | |
| DAGNER, JERRY WITTHOFT, ) | |
| CHRISTOPHER CASTEN, and ) | |
| UNKNOWN PARTY GRIEVANCE ) | |
| OFFICERS, ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter came before the Court on January 25, 2010, for an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and for consideration of Defendants' Motion to Compel Discovery (Doc. 99). In accordance with the Seventh Circuit Court of Appeals' Mandate (*see* Doc. 85-2), the Court conducted a *Pavey* hearing to determine whether Defendants had met their burden of showing that Plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Defendants did not put forth any new evidence at the hearing but, once again, exclusively relied upon the Affidavit of Sherry Benton (Benton Affidavit), a Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections (IDOC). The Court of Appeals, however, questioned the utility of this "carefully worded" affidavit because it "omits whether [Benton] looked for correspondence from Towns other than a 'timely

grievance'" (Doc. 85, p. 4).  In other words, without any additional evidence, the Benton Affidavit, by itself, is not dispositive of whether Plaintiff did, in fact, exhaust his administrative remedies. Defendants therefore have not met their burden.

On January 14, 2010, Defendants filed a Motion to Compel Discovery seeking, inter alia, "that Plaintiff identify the steps he took to grieve the actions of each defendant. . . ."  At the hearing, Defendants suggested, for the first time, that because Plaintiff failed to expressly name Defendants Christopher Casten and Jerry Witthoft in either of his grievances, Plaintiff failed to exhaust his administrative remedies as to these two individually named Defendants.  In response, Plaintiff submitted that in his June 1 and June 3, 2003, grievances he did the best he could to name all of the individual defendants allegedly involved in the assault in question, but he didn't positively know all of their names.  If Plaintiff did, in fact, fail to name or refer to these Defendants then he could not have exhausted his administrative remedies against them.

As such, and to further clarify its January 25, 2010, Minute Entry (Doc. 101), the Court hereby **GRANTS**, **in part**, Defendant's Motion to Compel Discovery only as it applies to Defendants Christopher Casten and Jerry Witthoft.  Plaintiff is therefore **ORDERED** to respond to Defendants' discovery requests, regarding only Defendants Casten and Witthoft, **on or before March 16, 2010.**[1]  However, after further consideration of the papers submitted, and based upon information gleaned from the *Pavey* hearing, the Court hereby finds that Plaintiff has, in fact, exhausted all available administrative remedies as to Defendants Holton, Baker, Eubanks, Dagner and Unknown Party Grievance Officers.

---

[1] This is an extension of the Courts original deadline set on January 25, 2010, requiring Plaintiff to respond to Interrogatories within 28 days.

The Court will defer its consideration of the merits of Plaintiff's case until after the aforementioned limited discovery is complete. Renewed motions for summary judgment on the issue of exhaustion, *as to Defendants Casten and Witthoft only*, may be submitted at that time. Thereafter, a date for motions on the merits will be set by further Notice from this Court.

It is further **ORDERED** that leave is **GRANTED** to depose Plaintiff regarding any matter, not privileged, that is relevant to the claims or defenses, on the condition that prior arrangements be made with the warden at the institution where plaintiff is confined.

**IT IS SO ORDERED.**

DATED:  02/23/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge